1  HOOTAN TROY FARAHMAND, ESQ. (SBN: 230345)
   Email: HTF@HTFLAWFIRM.COM
2
   In association with:
3  GENNADY L. LEBEDEV, ESQ. (SBN: 179945)
   Email:  Gennady@LebedevLaw.com
4  ETHAN O. MICHAEL, ESQ. (SBN: 221666)
   Email:  Ethan@michaellawgroup.com
5  SAM HELMI, ESQ., (SBN: 239972)
   Email: samhelmiesq@aol.com
6  LEBEDEV, MICHAEL & HELMI
   10999 Riverside Drive, Ste. 201
7  Studio City, California 91602
   Telephone: (818) 757-7677
8  Facsimile: (818) 757-7047
   Attorneys for Plaintiff, STAR FABRICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HOLLY SHARP SIGNATURE BOUTIQUES, LTD., a California corporation dba Holly Sharp Signature Boutique, Inc., dba Lucy Love; HOLLY SHARP COMPANY, INC., a California corporation dba Holly Sharp Signature Boutique, Inc., dba Lucy Love; AVA TRINH CONSULTING, INC., a California corporation dba Ava Adorn; ZAPPOS IP, INC., a Delaware corporation; ZULILY, INC., a Delaware corporation; DIANE'S, a business entity form unknown; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>Jury Trial Demanded |

1

**COMPLAINT**

Plaintiff, STAR FABRICS, INC. ("Plaintiff" or "STAR"), by and though its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Plaintiff creates and obtains unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top quality, marketable and aesthetically-appealing designs. Customers of Plaintiff take design samples with the understanding and agreement that will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. This action is brought to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's intellectual property rights in certain of these designs by Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331(m), 1338 (a-b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

1.  Plaintiff STAR FABRICS is a corporation organized and existing under the law of the State of California with its principal place of business located at 1440 East Walnut, Los Angeles, California 90011.

2.  Plaintiff is informed and believes and thereon alleges that Defendant, HOLLY SHARP SIGNATURE BOUTIQUES, LTD. is a corporation organized and existing under the laws of the State of California with its principal place of business in Orange County, California, and doing business as Holly Sharp Signature Boutique, Inc., and also doing business as Lucy Love ("SHARP LTD").

3.  Plaintiff is informed and believes and thereon alleges that Defendant, HOLLY SHARP COMPANY, INC., is a corporation organized and existing under the laws of the State of California with its principal place of business in Orange County, California, and doing business as Holly Sharp Signature Boutique, Inc., and doing business as Lucy Love ("SHARP INC.").

4.  Plaintiff is informed and believes and thereon alleges that Defendant, AVA TRINH CONSULTING, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business in Orange County, California and doing business as Ava Adorn ("AVA").

5.  Plaintiff is informed and believes and thereon alleges that Defendant, ZAPPOS IP, INC., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Las Vegas, Nevada ("ZAPPOS").

6.  Plaintiff is informed and believes and thereon alleges that Defendant, ZULILY, INC., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Seattle, Washington ("ZULILY").

7.  Plaintiff is informed and believes and thereon alleges that Defendant, DIANE'S, business entity form unknown, with its principal place of business in Orange County, California ("DIANE'S").

**PLAINTIFF'S COMPLAINT**

8.     Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to one or more of the Defendants herein, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge of consent or have contributed to said infringement.  The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 4, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

9.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 5 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual, or otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

10.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agents, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts of conduct alleges, with full knowledge of all the facts and circumstances, including, but not limited to, full

knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN TITLE "61500"

11. At all relevant times hereto, Plaintiff held a copyright in an original two-dimensional artwork which it allocated Design No. 61500 ("Subject Design"). Prior to the conduct complained of herein, Plaintiff purchased original source artwork from an art studio and created a multi-element design suitable for printing on textiles. Plaintiff allocated to this artwork the Internal Design Code "No. 61500" ("Subject Design"). A true and correct copy of the Subject Design is attached hereto as **Exhibit "1"**.

12. Plaintiff applied for copyright registration from the United States Copyright Office and was granted Registration No. VA 1-652-676 on October 21, 2008. A true and correct copy of the subject copyright registration is attached hereto as **Exhibit "2.**

13. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

14. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that Defendants and each of them created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to the Subject Design and/or distributed fabric bearing a design that is identical or substantially similar to the Subject Design and/or garments comprised of such fabric.

15. The infringing garment containing the Subject Design that Defendants, SHARP LTD, SHARP INC., AVA, DIANE'S and DOES 1 to 4 inclusive, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric

and/or garments include but are not limited to the unit, a true and correct copy of which is attached hereto as **Exhibit "3"** (the "Infringing Garment #1").

16. The infringing garment containing the Subject Design that Defendants, SHARP LTD, SHARP INC., DIANE'S and DOES 1 to 4, inclusive, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments, in different colorways, include but are not limited to the unit, a true and correct copy of which is attached hereto as **Exhibit "4"** (the "Infringing Garment #2").

17. The infringing garment containing the Subject Design that Defendants, SHARP LTD, SHARP INC., ZAPPOS, ZULILY and DOES 1 to 4, inclusive, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments, in different colorways, include but are not limited to the unit, a true and correct copy of which is attached hereto as **Exhibit "5"** (the "Infringing Garment #3").

18. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design to prospective customers, and negotiated sales of fabric bearing the Subject Design.

19. None of the aforementioned transactions in Paragraphs 14 through 17 of this Complaint were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

20. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs 1 through 19 of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or

unauthorized reproductions in the possession of other direct and third-party vendors, retail stores, and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples (d) access to garments in the marketplace manufactured from fabric lawfully printed through Plaintiff.

22. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, making, advertising and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing, and/or selling Infringing Garment #1, Infringing Garment #2 and Infringing Garment #2 through a nationwide network of retail stores and/or through on-line websites.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third party vendor(s) and/or Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments being sold in the marketplace bearing fabric lawfully printed through Plaintiff.

25. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is

further informed and believes and thereon alleges that said Defendant(s) have/has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores and/or on-line outlets.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, committed the acts of infringement alleged herein with knowledge and/or reckless disregard of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

28. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

29. Due to Defendants' act of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

### SECOND CLAIM FOR RELIEF

(For Vicarious and/or contributory Copyright Infringement – Against All Defendants)

31. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs 1 through 28 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and resultantly profited from the illegal reproduction, importation, purchase, distribution, advertising and/or sales of product featuring the Subject Design as alleged hereinabove.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleges herein because they had the right and ability to supervise the infringing conduct and because they had a direct and financial interest in the infringing conduct.

34. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to the First and Second Claims for Relief</u>

a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, advertising, offing for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design in any manner;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or if elected, before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

DATED: December 24, 2014    LEBEDEV, MICHAEL & HELMI

By: /s/ Gennady L. Lebedev
GENNADY L. LEBEDEV, ESQ.
Attorneys for Plaintiff, STAR FABRICS, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38

//
///
///

and the Seventh Amendment of the Constitution.

DATED: December 24, 2014    LEBEDEV, MICHAEL & HELMI

By: /s/ Gennady L. Lebedev
GENNADY L. LEBEDEV, ESQ.
Attorneys for Plaintiff,
STAR FABRICS, INC.



**EXHIBIT 1**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*
Register of Copyrights, United States of America

**Registration Number:**

**VA 1-652-676**

**Effective date of registration:**

October 21, 2008

---

## Title

**Title of Work:** 36547
**Contents Titles:** 36547, 61385, 61490, 61491 and 61500 (Ethnic patterns)
**Nature of Work:** Fabric Design

## Completion/ Publication

**Year of Completion:** 2007
**Date of 1st Publication:** September 10, 2007    **Nation of 1st Publication:** United States

## Author

**Author:** Star Fabrics, Inc.
**Author Created:** 2-Dimensional artwork
**Work made for hire:** Yes
**Anonymous:** No    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Star Fabrics, Inc.
1440 Walnut Street, Los Angeles, CA, 90011

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Eran Haroni
**Date:** October 21, 2008

---

**Copyright Office notes:** Regarding title information: First title used to identify collection.

**EXHIBIT 2**  Page 1 of 1

Case 8:14-cv-02052-JLS-JCG Document 1 Filed 12/24/14 Page 14 of 16 Page ID #:14



**EXHIBIT 3**



**EXHIBIT 4**



**EXHIBIT 5**